UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSH DUANE RUSSELL,

        Petitioner,         Case No. 1:09-cv-840

v.        Honorable Robert Holmes Bell

CAROL HOWES,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. Factual Allegations

Petitioner Josh Duane Russell presently is incarcerated at the Lakeland Correctional Facility. Petitioner pleaded guilty in the Allegan County Circuit Court to one count of operating or maintaining a lab involving methamphetamine, MICH. COMP. LAWS § 333.7401c(2)(f). He was sentenced on May 31, 2005, to a term of imprisonment of 72 months to 240 months. (Pet. at 1, docket #1.)

Petitioner, through appellate counsel, filed a motion for re-sentencing, contending that the sentencing judge made factual findings beyond those to which he pleaded guilty, in violation of his Sixth Amendment rights and *Blakely v. Washington*, 542 U.S. 296 (2004). The motion was denied. Counsel filed a delayed application for leave to appeal to the Michigan Court of Appeals, raising the same ground. On June 27, 2006, the Michigan Court of Appeals denied the application for lack of merit in the grounds presented. Petitioner then sought leave to appeal to the Michigan Supreme Court. In his application, he contended that appellate counsel was ineffective for raising the *Blakely* issue, which Petitioner argued had already been conclusively rejected by the Michigan Supreme Court and other Michigan courts. Petitioner alleged that his counsel should have instead investigated and challenged the factual basis for two of the enhancements to Petitioner's offense variable score. (*Russell v. Howes*, No 1:07-cv-1082 (W.D. Mich.), Nov. 13, 2007 Op. at 5, docket #4.) The Michigan Supreme Court denied leave to appeal on October 31, 2006. (Pet. at 2, docket #1.)

On October 26, 2007, Petitioner filed his first application for habeas corpus relief in this Court raising the same issue of ineffective assistance of appellate counsel raised in his

application to the Michigan Supreme Court. (*See Russell v. Howes,* No. 1:07-cv-1082 (W.D. Mich.).) The Court dismissed Petitioner's first application for habeas corpus relief without prejudice for lack of exhaustion on November 13, 2007. The Court also concluded that Petitioner had more than sixty days remaining in the limitations period, and, thus, he was not in danger of running afoul of the statute of limitations as long as he diligently pursued his state-court remedies. (*See id.*, Nov. 13, 2007 Op. at 5, docket #4.)

On January 22, 2008, Petitioner filed a motion for relief from judgment in the Allegan County Circuit Court. The trial court denied the motion on February 4, 2008. (Pet. at 3, docket #1.) Petitioner sought leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. Both of the Michigan appellate courts denied Petitioner's leave to appeal because he failed to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). (Attach. 3 to Br. in Supp. of Pet., docket #2.) The Michigan Supreme Court denied Petitioner's application for leave to appeal on May 27, 2009. (Pet. at 4, docket #1.)

Petitioner filed his habeas application on September 10, 2009.[1] In his application for habeas corpus relief, Petitioner raised the following two grounds for habeas corpus relief:

I.     INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AT SENTENCING.

II.    INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL ON APPEAL.

(*Id.* at 6-7.)

---

[1] Petitioner signed his application for habeas corpus relief on September 11, 2009. However, it was received by this Court on September 10, 2009. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

## II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitations for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on October 31, 2006. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Tuesday, January 30, 2007. *See Bronaugh*, 235 F.3d at 284-85 (under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run).

Without the benefit of tolling, Petitioner had one year from January 30, 2007, until January 30, 2008, to file his habeas application. Petitioner filed a motion pursuant to Michigan Court Rule 6.500 with the Allegan County Circuit Court on January 22, 2008, at which time he had eight (8) days remaining in the limitations period. A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the

time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. The Michigan Supreme Court denied Petitioner's application for leave to appeal on May 27, 2009. With the benefit of tolling, the statute of limitations expired eight days later, on Friday, June 5, 2009. *See Bronaugh*, 235 F.3d at 284. Petitioner filed his present application for habeas corpus relief on September 10, 2009, approximately three months after the expiration of the statute of limitations.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that the one-year statute of limitations set forth in § 2254 and § 2255 are subject to equitable tolling). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Along with his habeas application, Petitioner filed a motion for equitable tolling (docket #3). In his motion, Petitioner argues that his "diligent pursuit of rights and the fact that this petition relates back to his [2007] habeas petition" warrants equitable tolling. (Mot., docket #3.) Petitioner is incorrect. It is generally held that a petitioner acts with diligence when he files his state post-conviction motion thirty days after his habeas case is dismissed for lack of exhaustion and files

his new habeas petition within thirty days of concluding state-court proceedings. In the opinion dismissing Petitioner's 2007 application for habeas relief for lack of exhaustion, the Court, citing *Palmer v. Carlton,* 276 F.3d 777, 781 (6th Cir. 2002), expressly informed Petitioner of this time frame. (*Russell v. Howes,* No 1:07-cv-1082 (W.D. Mich.), Nov. 13, 2007 Op. at 5, docket #4.) The Court also warned Petitioner that he was not in danger of running afoul of the statute of limitations so long as he diligently pursued his state-court remedies. (*Id.*) Petitioner filed his motion for relief from judgment in Allegan County Circuit Court on January 22, 2008, approximately two months after his 2007 habeas petition was dismissed without prejudice. On May 27, 2009, the Michigan Supreme Court denied Petitioner's application for leave to appeal pursuant to Michigan Court Rule 6.502(D). Petitioner filed the present petition approximately four months later on September 10, 2009. Because Petitioner did not follow *Palmer's* requirements to file a motion for post-conviction relief within 30 days of the dismissal of his 2007 petition or to file his current petition within 30 days after the exhaustion of his state-court remedies, he was not diligent in pursuing his rights.

Moreover, Petitioner's current petition does not relate back to his 2007 petition. Petitioner's current petition was not filed as an amendment to his 2007 habeas petition. The previous petition was dismissed without prejudice. Therefore, the relation back doctrine of FED. R. CIV. P. 15 does not apply. If Petitioner's argument were accepted, a habeas petitioner would have an infinite amount of time to bring his second petition, and the Sixth Circuit's requirement of diligence would be nullified by the simple expedient of "relation back." Further, the statute of limitations was not tolled during the pendency of Petitioner's 2007 habeas petition. In *Duncan*, 533 U.S. at 181-82, the Supreme Court held that the limitations period is not tolled during the pendency of a federal habeas petition.

Petitioner also argues that he is entitled to equitable tolling because he is untrained in the law. (Mot., docket #3.) The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations and that this Court deny Petitioner's motion for equitable tolling (docket #3). I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  September 30, 2009          /s/  Joseph G. Scoville
                                    United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).