UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSH DUANE RUSSELL,

    Petitioner,

v.

CAROL HOWES,

    Respondent.
_____/

File No. 1:09-CV-840

HON. ROBERT HOLMES BELL

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

On September 30, 2009, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner Josh Duane Russell's § 2254 petition for writ of habeas corpus be dismissed with prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases, because it plainly appears that the petition is barred by the one-year statute of limitations. (Dkt. No. 5.) Petitioner filed objections to the R&R on October 15, 2009. (Dkt. No. 6.)

This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Although the Magistrate Judge's R&R is reviewed de novo, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner does not object to the Magistrate Judge's finding that his petition was not filed within the limitations period or that he was not diligent in pursuing his rights. Instead, he has raised a new argument that the limitations period should be tolled because he is actually innocent of the sentence.

Absent compelling reasons, a party is not allowed to raise at the district court stage new arguments or issues that were not presented to the magistrate judge. 28 U.S.C. § 631 *et seq.*; *Murr v. United States*, 200 F.3d 895,902 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). Petitioner filed a motion for equitable tolling, but he did not argue that he was entitled to equitable tolling on the basis that he was actually innocent of the sentence. Accordingly, because this claim was not presented to the Magistrate Judge, Petitioner has waived his claim for equitable tolling on this basis.

Moreover, even if Petitioner's argument were properly before this Court, he is not entitled to the relief requested. The Sixth Circuit has held that actual innocence can be a basis for equitably tolling the one-year limitations period in an extraordinary case where the petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005); *see also Ross v. Berghuis*, 417 F.3d 552, 556 (6th Cir. 2005) (noting that a habeas claim may be equitably tolled based on a credible showing of actual innocence, if the petitioner can prove that "new reliable evidence establishes his innocence by a more-likely-than-not standard").

Petitioner's argument would require the Court to extend *Souter*'s actual innocence

2

exception to sentencing error in a non-capital case. The Supreme Court has extended the actual innocence exception to the penalty phase of a capital case. *Sawyer v. Whitley*, 505 U.S. 333, 335-36 (1992) (holding that habeas courts may reach the merits of defaulted habeas claims when a capital petitioner is "innocent of death"). However, neither the Supreme Court nor the Sixth Circuit has extended the "innocence-of-the-penalty" exception to non-capital cases. *See Dretke v. Haley*, 541 U.S. 386, 396 (2004) (leaving unanswered the question of whether the actual innocence exception extends to non-capital sentencing error); *Ross*, 417 F.3d at 557 (declining to decide whether *Souter*'s equitable tolling rule should be extended to "innocence of the penalty" assertions in non-capital cases).

In his habeas petition, Petitioner claims that he was denied effective assistance of counsel at sentencing because counsel did not reasonably investigate the trial court's guidelines scoring, which resulted in an inaccurate guideline range. Specifically, Petitioner argues that counsel should have objected to the application of offense variable 2, "The Lethal Potential of the Weapon Possessed or Used," to his methamphetamine laboratory, and to the scoring of offense variable 14 regarding his leadership role.

Petitioner's arguments are based upon his interpretation of the law and its application to the facts, not upon any new evidence. In *Ross* the Sixth Circuit held that Ross's claims did not fit within the actual innocence equitable tolling rule recognized in *Souter* because Ross challenged his sentence rather than his conviction, and because he provided no new exculpatory evidence. *Ross*, 417 F.3d at 555-56. Petitioner's claim similarly does not fit within *Souter*'s actual innocence exception because Petitioner is challenging his sentence

rather than his conviction. Moreover, even if *Souter*'s actual innocence exception were extended to sentencing errors, Petitioner would not be entitled to equitable tolling because he has not presented new, reliable evidence of his actual innocence of his sentence. *See also Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007) ("Where a petitioner asserts actual innocence solely based on his interpretation of the law, however, *Souter*'s actual innocence exception does not apply.").

Finally, this is not an appropriate case for application of the actual innocence exception. An extension of the actual innocence exception to this ordinary claim of sentencing error would ignore the requirement in *Murray v. Carrier*, 477 U.S. 478 (1986), that the exception be reserved for "extraordinary cases." *Id.* at 496.

Upon de novo review the Court concludes that the R&R correctly determined that this case is barred by the one-year limitations period and that this is not an appropriate case for equitable tolling. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 6) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for equitable tolling (Dkt. No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the September 30, 2009, R&R (Dkt. No. 5) is **APPROVED** and **ADOPTED** as the opinion of the Court.

4

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. *Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: January 26, 2010               /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                      UNITED STATES DISTRICT JUDGE